McLEAN (LOMBARD v.). See Case No. 8,471.

## Case No. 8,890.

McLEAN v. MELINE et al.

[3 McLean, 199; [1] 1 West. Law J. 51.]

Circuit Court, D. Ohio. July Term, 1843.

BANKRUPTCY—VOID ASSIGNMENT — UNDER STATE LAW—LIABILITY TO LEVY—ADJUSTMENT OF LIENS.

1. An assignment, by an insolvent person, of all his effects for the benefit of his creditors, to one who is not a bona fide creditor or purchaser without notice, is void under the second section of the bankrupt law [of 1841 (5 Stat. 440)].

[Cited in Perry v. Langley. Case No. 11,006.]
[Cited in Cook v. Rogers. 31 Mich. 391.]

2. Such an assignment is valid, under the laws of the state.

3. But, being void under the bankrupt act, the property assigned was liable to be levied on by a judgment creditor.

[Cited in Re Beisenthal, Case No. 1,236.]

4. The circuit court has jurisdiction of such a case, to set aside the transfer, direct the liens to be paid pro rata, and the property not levied upon to be distributed among the creditors of the bankrupt.

[Cited in Globe Ins. Co. v. Cleveland Ins. Co., Case No. 5,486.]

In bankruptcy.

Brown & McLean, for complainant.

Wright, Chase, Walker, Coffin, Miner & McLean, for defendants.

OPINION OF THE COURT. This bill is filed to set aside a conveyance of the effects of Lucas to the defendants, which is alleged to have been done in contemplation of bankruptcy. The assignment was made in May, 1842, Lucas then being insolvent, for the benefit of his creditors generally. At the July term of this court, in 1842, Cowperthwaite and others obtained judgment against Lucas, and at the same term Little & Co. obtained judgment. These judgments were upon suits commenced after the assignment to Meline & Young, and were obtained in the ordinary course of proceedings. On the former judgment, execution was issued on the 4th of November, 1842, and on the latter the 8th of the same month. They were both levied on the 8th, upon the personal property assigned, and in the hands of the assignees. By agreement, the assignees were permitted to sell, and hold the proceeds, subject to the opinion of the court as to the right of property. On the 16th November, 1842, Lucas filed his petition for a discharge, under the bankrupt law, and a decree of bankruptcy was entered on the 28th of January, 1843.

The second section of the bankrupt act declares that "any conveyances or transfers of property in contemplation of bankruptcy, to any person whatever, not being a bona fide creditor, or purchaser for a valuable consideration, without notice, shall be deemed utterly void." The transfer, in this case, was not made to a creditor or to a purchaser, within the act; and although it was made for the benefit of creditors generally, yet, under the act, it was void. That Lucas was bankrupt, at the time of the assignment, is admitted. The court have no difficulty in setting aside the assignment to the defendants; but a question is raised by the judgment creditors, who claim under levies by execution, before the petition of the bankrupt was filed. In answer to this, the assignee contends, that the assignment to the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

defendants, being an act of bankruptcy, all subsequent liens are void, and in opposition to the claims of creditors, which he represents, should be disregarded. This is the doctrine in England. An act of bankruptcy overreaches an attachment or an execution. Barker v. Goodair, 11 Ves. 84; 9 Ves. 78. A trader, after an act of bankruptcy, cannot create a lien upon his property. Copland v. Stein, 8 Term R. 199. By various statutes, however, all bona fide transactions with the bankrupt, two months before the date of the commission, are protected, if there be no notice of the act of bankruptcy. In this respect, our statute is more restrictive than the English statute; and I am not prepared to say, that an assignment, which is fraudulent under the bankrupt law, and in itself an act of bankruptcy, overreaches, under our law, an attachment or execution. The act of bankruptcy in England is tantamount to a filing of the petition under our statute, in most respects. In either case, any subsequent transfer of property by the bankrupt, is void. But whether liens are void or not, under our act, which were created more than two months before the petition was filed, must depend upon the peculiar circumstances of each case. The levies in this case were only made a few days before Lucas filed his petition: but the executions were issued on judgments obtained in a regular course of proceeding; and there are no circumstances in the prosecution of the suits, the obtainment of the judgments, or in suing out the executions, which conduce to show fraud. Fraud is never to be presumed, against the apparent fairness of a transaction; therefore, these judgments, and the proceeding under them, must be held valid.

It is further contended, that the assignment, being valid by the state law, the subsequent levy could create no lien. A levy binds the personal property; but if such property had been transferred, a subsequent levy could not affect the right of the assignee. By the third section of the act, "to amend the act directing the mode of proceeding in chancery" (Swan & C. Rev. St. 71), it is provided, that, "all assignments of property in trust, with design to prefer one or more creditors to the exclusion of others, shall be held to enure to the benefit of all the creditors," &c. But the above assignment, being for the benefit of all the creditors, does not come under this provision, and is valid on its face. On this ground, it is insisted that the lien set up by a levy of the executions, is not within the bankrupt act, as it is not a valid lien under the laws of the state. The assignment is void, under the bankrupt law, as being expressly against its letter; and consequently the property attempted to be transferred was liable to be taken in execution by judgment creditors. Whether a state court could take jurisdiction of this question, which arises under the

bankrupt act, need not be considered, as the bill has been filed in this court. Of the jurisdiction of this court, there can be no doubt.

The assignment will be set aside as void, under the bankrupt act, and the proceeds of the property levied upon will be applied pro rata in discharge of the above liens. The effects assigned and not levied upon will be decreed to the complainant, deducting the expenses of sale, &c.